# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER W., by and through his parents, Daniel W. and Kelly W., and DANIEL W. and KELLY W., individually. | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION : |
| UPPER PERKIOMEN SCHOOL DISTRICT, | : NO. 08-5247 : : |
| Defendant. | : : |

**ORDER**

**AND NOW**, this _____ day of August, 2013, upon consideration of the motion for judgment on the supplemented administrative record filed by plaintiffs, Tyler W., Daniel W., and Kelly W. (Doc. No. 24); the motion for judgment on the supplemented administrative record filed by defendant, the Upper Perkiomen School District (Doc. No. 25); the responses to both motions; and the supplemental briefs submitted by both parties; **IT IS HEREBY ORDERED and DECREED** that plaintiffs' motion is **GRANTED IN PART and DENIED IN PART** and that defendant's motion is **GRANTED IN PART and DENIED IN PART** as follows:

1. To the extent that plaintiffs challenge the decision of the appeals panel of the ODR claiming a denial of FAPE due to an improper evaluation, an inappropriate IEP, violation of the LRE mandate, excessive transportation time, and the failure to provide a proper ESY program, the plaintiffs' motion is **DENIED**. The decision of the appeals panel to grant plaintiff 19.5 hours of compensatory education based on the denial of related services during the school year and ESY

during summer of 2007 is **AFFIRMED**. Defendant's motion is **GRANTED** and judgement is **ENTERED** in favor of the defendant on these claims.

2. To the extent that plaintiffs challenge the decision of the appeals panel of the ODR claiming that Tyler is entitled to full days of compensatory education from August 28, 2006, to December 11, 2006, based on failure to implement his IEP, plaintiffs' motion is **GRANTED** and judgment is **ENTERED** in plaintiffs' favor. Defendant's motion is **DENIED**. Insofar as the hearing officer only granted five hours of compensatory education for this period, and the appeals panel affirmed, their orders are **VACATED**.

3. To the extent that plaintiffs seek relief under the Americans with Disabilities Act ("ADA"), their ADA claim is **DISMISSED** for lack of subject-matter jurisdiction due to failure to exhaust this claim in the administrative proceedings.

3. Plaintiffs are entitled to an award of 439.5 hours of compensatory education. The parties shall confer within thirty (30) days of the date of this order to agree on the manner in which the compensatory education will be provided. The parties will promptly report to this Court the status of an agreement thereon.

**IT IS FURTHER ORDERED** that plaintiffs are directed to submit a petition for attorneys' fees within ten (10) days of the date of this order. Defendant will submit a response within ten (10) days of receipt of plaintiffs' petition.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____
**Hon. Petrese B. Tucker, C.J.**